IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IVAN ALEXANDROVICH VETCHER, ) | | |
| ID # A079570472, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CIVIL ACTION NO. | |
| ) | 1:16-CV-164-BL | |
| IMMIGRATION and CUSTOMS ) | | |
| ENFORCEMENT, *et al.*, ) | | |
| ) | | |
| Defendants. ) | Assigned to U.S. Magistrate Judge | |

## REPORT AND RECOMMENDATION

After this case was transferred from the Dallas Division of this Court to this the Abilene Division, it was assigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although Plaintiff was informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), he has not responded, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, *pro se* Plaintiff Ivan Alexander Vetcher's motion to certify a class under Federal Rule of Civil Procedure Rule 23 should be **DENIED**. After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

### I. PROCEDURAL HISTORY

Plaintiff Ivan Alexandrovitch Vetcher, proceeding *pro se*, originally filed this suit in the Dallas Division of this the Northern District of Texas. Because a substantial part of the events giving rise to Plaintiff's claims related to the conditions of housing at the Rolling Plains Detention Center, the case was transferred to this the Abilene Division. In separate orders issued this same day,

Plaintiff was permitted to proceed in-forma-pauperis and directed to clarify to the Court in writing the pleading he wants the Court to subject to screening and review under 28 U.S.C. § 1915(e)(2)(B).

## II. MOTION FOR CLASS CERTIFICATION

Plaintiff has also filed a motion to certify a class in this case under Federal Rule of Civil Procedure 23. Plaintiff proceeds *pro se* in this action, and seeks to represent the interest of numerous detainees in the custody of Immigration and Customs Enforcement (ICE). Motion to Certify Class (doc. 21) at 1-2.

Amidst the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A layperson ordinarily does not possess the legal training necessary to protect the interests of a proposed class, thus courts are reluctant to certify a class represented by a pro se litigant. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1, at 450 & n. 13 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law). As such, the courts that have confronted such a request from a prisoner have "consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" *See Maldonado v. Terhune,* 28 F.Supp. 2d 284, 288 (D.N.J. 1998) (quoting *Caputo v. Fauver,* 800 F.Supp. 168 (D.N.J. 1992) (other citations omitted)); *see also King v. Frank, et al.* 328 F. Supp. 2d 940, 950 (W.D. Wis. 2004)(same); *see generally Lile v. Simmons,* 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001) (noting that a prisoner plaintiff is not an adequate class representative since 28 U.S.C. § 1654 does not permit such a party to represent another pro se party in federal court).

The Fifth Circuit has explained that "[t]he district court has wide discretion in deciding

whether or not to certify a proposed class." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471–72 (5th Cir.1986) (citation omitted). As another district court in this circuit explained:

> The Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." [*Jenkins*, 782 F.2d at 482–83]. In accordance with this understanding, courts have prohibited pro se prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (citing *Anderson v. Moore*, 372 F.2d 747, 751 n. 5 (5th Cir.1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Id.* (citation omitted); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J.1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action.") (citations omitted); *Washington v. Louisiana*, No. 09–3186, 2009 WL 2015556, at *1 n. 1 (E.D. La. June 30, 2009) (unpublished) (prisoner-plaintiff's pro se status rendered him incapable of satisfying the Rule 23(a)(4) adequacy requirement) (citing *Oxendine* and *Anderson*).

*Powers v. Clay*, CA No. V-11-051, 2012 WL 642258, at *4 (S.D. Tex. Feb. 27, 2012). As Plaintiff Vetcher proceeds pro se, he cannot show that he could fairly and adequately protect the interests of a purported class of other ICE detainees. As such, Plaintiff's motion to certify a class should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Ivan Alexandrovitch Vetcher's motion to certify a class under Federal Rule of Civil Procedure 23 (doc. 6) be **DENIED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Dated February 2, 2017.

[signature]

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE